IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1397-11





JOSEPH MARK DAIGLE, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S MOTION TO EXCEED THE PAGE LIMIT 

FOR A PETITION FOR DISCRETIONARY REVIEW

POTTER COUNTY



 

 Per curiam. 

O R D E R


 Appellant was convicted in the 320th Judicial District Court of Potter County of
aggravated sexual assault of a child and was sentenced to confinement for 99 years. The
Seventh Court of Appeals held that the trial court did not abuse its discretion by denying
appellant's request for a mistrial and that appellant was not denied effective assistance of
counsel. Daigle v. State, No. 07-07-00264-CR, 2010 Tex. App. LEXIS 3897 (Tex.
App.--Amarillo May 24, 2010) (mem. op., not designated for publication). On September
19, 2011, this Court granted appellant's pro se Motion For Extension of Time to File a
Petition For Discretionary Review and extended his filing deadline to December 19, 2011. 

 Appellant has now filed a pro se motion to exceed the page limit for petitions for
discretionary review "for the purpose of presenting 'EXHIBITS' necessary for the
representation of his arguments" for this Court's consideration. Appellant did not tender
these "exhibits" with his motion, but describes them as medical reports, attorney letters, a
letter from himself, "and other documents that corroborate his claims and justify his grounds
for the relief he is requesting in his Petition for Discretionary Review."

 To the extent that his petition exceeds the statutory limit by the addition of non-record
exhibits, appellant's motion is denied. Texas Rule of Appellate Procedure 68.5 provides,
"The petition must be no longer than 15 pages, exclusive of pages containing the table of
contents, the index of authorities, the statement regarding oral argument, the statement of the
case, the statement of procedural history, and the appendix." Tex. R. App. P. 68.5. Rule
68.4(i) provides, "Appendix. The petition must contain a copy of any opinion of the court of
appeals." Id. R. 68.4(i). Appellant requests an extension of the page limit to attach additional
pages to his appendix in excess of 15 pages, but the appendix is statutorily excluded from the
15-page limit for a petition for discretionary review. (1) See id. R. 68.5. 

 Appellant's motion to extend the page limit is denied. 

 IT IS SO ORDERED this, the 21st day of November, 2011.

Do not publish

1. Because appellant did not include his exhibits with his motion, we cannot ascertain whether
the exhibits he intends to attach to his petition are part of the record below or extraneous matters that
are not part of the record. We note that this Court has held that it "generally does not consider non-record exhibits attached to a party's pleading." Ex parte Pruitt, 233 S.W.3d 338, 343 n.2 (Tex. Crim.
App. 2007); see also Whitehead v. State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) ("An
appellate court may not consider factual assertions that are outside the record, and a party cannot
circumvent this prohibition by submitting an affidavit for the first time on appeal.") (internal
citations omitted).